REPUBLIC FINANCE & INVESTMENT COMPANY ET AL. *v.* FENSTERMAKER ET AL.

[No. 26,790. Filed February 23, 1937.]

252

*Leo M. Rappaport, Albrecht R. C. Kipp* and *Harold F. Kealing,* for appellants.

*Matson, Ross, McCord & Clifford,* for appellees.

FANSLER, J.—Appellees, stockholders in the Republic Finance & Investment Company, brought this action seeking, as dissenting shareholders, to have their shares of stock evaluated upon the merger or consolidation of that company with the Federal Discount Corporation, by assigning the assets of the old corporations to a new corporation known as the General Discount Corporation, and accepting stock in the new corporation in lieu of their former stock holdings. The merger was effected under the statute providing for such mergers and consolidations. By agreement of the parties, the procedure provided for by statute, for the determination of the value of the stock by appraisers, as in condemnation proceedings, was waived, and it was agreed that the

evidence was to be submitted to the court without the intervention of a jury, and that the court should find the value. There was a trial, and the value was fixed by the court.

Error is assigned upon the overruling of appellants' motion to modify the judgment, on the ground that it is too large, and upon the overruling of appellants' motion for a new trial, which is upon the ground that the amount of the judgment is too large, and that it is not sustained by sufficient evidence.

The only contention brought forward by appellants to sustain the assignment of errors is that the plaintiffs introduced no evidence whatever as to the intrinsic value of the assets, but relied entirely upon balance sheet figures; that the trial court based its valuation solely on the book value of the assets of the company; and that the defendants' evidence, as to the value of the assets on November 15, 1932, and November 30, 1932 (the dates of the consolidation or merger), was completely ignored by the trial court. Whether November 15th or November 30th was the effective date of the consolidation or merger seems to be in doubt in the minds of the parties, but we find no necessity of going into that question. It appears from the evidence that in June or July, 1932, negotiations were inaugurated looking toward the merger. Appraisers were selected to appraise the assets of both companies "at present day prices," and auditors were selected to prepare and formulate a statement of the assets and liabilities of both companies, giving effect to the appraisal. In August, 1932, appraisals of the real estate were made, and in September the auditors submitted an audit upon the basis of these appraisals and their own evaluation of the property not covered by the real estate appraisals. This audit set up a reserve against loss and shrinkage of $246,119.07, and, upon that basis, showed net

worth of $688,772.87. The par value of the preferred stock, plus accrued dividends, at the date of the merger, was $11.14 per share, or $218,600.22. The par value of the Class A stock, plus accrued dividends, at the date of the merger, was $14.13 per share, or $317,967.39, a total of $536,567.61. Appellants introduced expert witnesses, who evaluated the assets, and, from a computation based upon their valuation, testified that the preferred stock was of the par value of $10.34, and the Class A stock of no value whatever. It is contended by appellants that, since the testimony of their witnesses fixed the value as of the time of the merger, while the value fixed in the evidence of appellees was as of some weeks or months before, their evidence alone should have been considered, and consideration should not have been given to appellees' evidence, since economic conditions were such that values were falling rapidly during the interim. It is also contended that the court fixed the value upon appellees' evidence alone, but this does not appear and is not demonstrated. It is also contended that the court took book value alone as the basis for the determination of value, and that book value is not a proper basis. In connection with this contention, it is said that, in fixing value, weight should be given to the following considerations: Market value of stock, actual evaluation of assets, book value of assets, going value, prospects of corporation, character of assets (frozen or liquid), earnings, and general economic conditions. The value of shares of stock as of any given time must, of course, be determined from the value of the assets of the corporation, tangible and intangible. This does not necessarily mean the amount that the assets would bring upon liquidation, unless the corporation is shown to have been in distress and liquidation inevitable. Stock market value is not necessarily a true criterion, since fluctuations are sometimes attributable to causes other

than changes in the value of the shares, but it may be of some assistance in determining values. What is meant by "actual evaluation of assets" is not clear. The book value may or may not give assistance, depending upon the method by which the books are kept. The statement of assets and liabilities introduced by appellees is shown to have been based upon appraisals, and therefore is of more value than a statement based upon arbitrary figures, such as costs and arbitrary percentage reserves. Good will or going value should be given consideration if the concern is a going concern and in a position to continue its business. Earnings and general economic conditions are proper elements to consider, and there may be other elements that tend to indicate value, and, if so, they should be considered. In other words, in the appraisal of assets, every fact brought forward which has a tendency to indicate value should be taken into consideration. Appellants contend that the cost of the merger should have been deducted from the value, but it would seem that, as to one who dissents and does not desire to be a party to the merger, this is not true. The value as to him is fixed as of before the merger. He should not be given advantage of any increased value which may, in the opinion of the appraisers, result from the merger, nor should he be charged with the expense of bringing about the merger. Under the terms of the merger, holders of preferred and Class A stock in the Republic Finance & Investment Company were to take stock in the new company on a basis of value less than that found to be the value of appellees' stock at the time of the merger, and the common stockholders were to receive stock in the new company. It is contended that in every case where the common stockholders take stock in the consolidated company, that fact is conclusive that the preferred stocks were worth par. This does not follow, however. Considerations of

policy or good will may account for allocation of stock to common stockholders in merging companies, notwithstanding an allocation of stock on the strict basis of value might require that it go to the preferred stockholders. Nor are agreed statements of comparative value of the assets of the consolidating companies necessarily a sound basis for determining the value of each company, for obvious reasons. In this case the trial court sat as an appraiser. Evidence of value, based on expert appraisals as of some months prior to the consolidation date, with allowance for anticipated shrinkage and depreciation, was submitted. This evidence showed the assets to be of a value in excess of the par value of the preferred and Class A stocks, plus accumulated dividends. The fact that the appraisals and estimates were not made as of the exact date of the merger may affect the weight of this evidence, and it must be assumed that the trial court gave due consideration to this fact. There was evidence introduced by appellants showing that, as of the date of the consolidation, the assets were of a value that would make the shares of preferred stock worth $10.34 and the Class A stock worth nothing. All was opinion evidence. The witnesses were cross-examined for the purpose of testing the accuracy of their judgment. Evidence of economic conditions was introduced. The court had the opportunity of hearing the witnesses and of analyzing the numerous items of tables and financial statements involved. A value between the values shown by this conflicting testimony would justify the determination of the trial court as to the value of appellees' shares. Since the evidence is conflicting, and that most favorable to appellees justifies the result reached, the judgment must be affirmed.

Judgment affirmed.