Sohngen, J.
 

 This case involves the construction of the term “fair cash value” as used in Section 8623-72, General Code, and the validity of an instruction to ap
 
 *482
 
 praisers appointed under that section as to what basis • they should use in determining “fair cash value.” That section provides, in part, that “if the court shall' find and order that such shareholder [dissenting shareholder] is entitled to be paid the fair cash value of any number of shares, the court shall appoint three appraisers to determine the fair cash value of such number of shares as of a day to be named in such order, * * * and said court shall instruct said appraisers respecting their duties in making such determination.” Nowhere in the statutes is the term “fair cash value” defined.
 

 However, many1 states have statutes similar to the one ,in question and, where such statutes have come before the courts, the term “fair cash value” and similar terms have been so construed as to allow dissenting shareholders the intrinsic value of their shares.
 
 Adams
 
 v.
 
 United States Distributing Corp.,
 
 184 Va., 134, 34 S. E. (2d), 244;
 
 American General Corp.
 
 v.
 
 Camp,
 
 171 Md., 629, 190 A., 225;
 
 Chicago Corp.
 
 v.
 
 Munds,
 
 20 Del. Ch., 142, 172 A., 452;
 
 Winfree
 
 v.
 
 Riverside Cotton Mills,
 
 113 Va., 717, 75 S. E., 309; 13 Fletcher Cyclopedia Corporations (Perm. Ed.), 256, Section 5899; 19 Corpus Juris Secundum, 1378, Section 1615. See, also,
 
 Republic Finance & Investment Co.
 
 v.
 
 Fenstermaker,
 
 211 Ind., 251, 6 N. E. (2d), 541;
 
 Jackson Co.
 
 v.
 
 Gardiner Inv. Co.,
 
 200 F., 113;
 
 Cole, Admr.,
 
 v.
 
 Wells,
 
 224 Mass., 504, 113 N. E., 189.
 

 We believe that to be the correct interpretation of this phrase. Intrinsic value is the true interest and essential value; it is .not synonymous with market value. Market value may be considered in proper cases in determining intrinsic value, but market value is not the sole or basic test, unless it is provided as such by statute. Certainly it would not be just to allow the shareholder the market value when such value is less than the intrinsic worth.
 

 
 *483
 
 The full rule may be stated thus: “Pair cash value” of the shares of a dissenting shareholder in a corporation means the intrinsic value of such shares determined from the assets and liabilities of such corporation, considered in the light of every factor bearing on value.
 

 The meaning of fair cash value having been determined, did the court commit prejudicial error in its instruction to the appraisers?
 

 The court used the following language in its instruction to the appraisers:
 

 “The term ‘fair cash value’ means a sum equal to the price which it is reasonably probable would have resulted from a sale of said shares for cash, after fair negotiations behveen a bona ficle purchaser, able and willing to buy for cash, but under no compulsion to buy, and an owner willing to sell, but under no compulsion to sell, after fair and reasonable efforts to obtain the purchaser who ivould pay the highest price, excluding from said price, hotoever, any appreciation or depreciation therein in consequence of the merger hereinbefore mentioned.
 
 It is not possible for the court to enumerate all of the possible factors to be considered in determining said fair cash value of said shares, but as illustrative of the factors that may be considered, the court mentions the following factors to which consideration may be given as they were as of June 23,1943, to wit: the business of the defendant and the prospects of its business for the future; the nature of its property; its financial condition; the value of its assets; the amount and nature of its fixed and contingent liabilities; its earnings in the past and its prospects of earnings in the future; the dividends paid by it in the past and its prospects for paying dividends in the future; its management and reputation; the value of its good will; the market value of its shares; and its future prospects in a financial way.” (Italics ours.)
 

 
 *484
 
 Upon consideration of that instruction, this court concludes that the italicized part amounts to an instruction to the appraisers to finally fix the value of the shares, according to what they would bring on the market under the conditions enumerated in the instruction. By that part of the instruction, the court made market value the basic test in determining fair cash value of the shares, and all the subsequent parts of the instruction as to the factors which might be considered in determining such value did not cure the error of the court in making market value the basic test in determining the fair cash value of such shares instead of intrinsic value.
 

 Was such erroneous instruction prejudicial to the plaintiffs in this case? We think it was.
 

 It appears from the report of the appraisers that they “deemed the fair cash value of said 174% shares of stock to be ‘a sum equal to the price which it is reasonably probable would have resulted from a sale of said shares for cash, after fair negotiations between a
 
 bona fide
 
 purchaser, able and willing to buy for cash, but under no compulsion to buy, and an owner willing to sell, but under no compulsion to sell, after fair and reasonable efforts to obtain a purchaser who would pay the highest price, excluding from said price, however, any appreciation or depreciation therein in consequence’ of said merger”; that the stock had a book value of $150 per share; that the assets, each and all, as of June 23, 1943, had sound values; that the stock had the same sound value; that- the stock was not listed on any stock exchange; that the prices obtained from over-the-counter sales from 1937 to 1943, inclusive, in which a limited number of shares were sold, varied from $15 to $23.50 per share; that the average annual eafnings from 1920 to 1942, inclusive, amounted to $9.21 per «share, there being a deficit in only two years, $3.34 in 1932 and $5.13 in 1933; that the earnings
 
 *485
 
 for the year 1942 were $11.73 per share; and that for the first six months of 1943 the earnings were substantially at the rate of $9 per year. ' The findings of the appraisers are founded on substantial evidence. Therefrom an inference arises that the market value, as fixed, is substantially less than the intrinsic value. The erroneous part of the charge was therefore prejudicial.
 

 This court, finding that the term “fair cash value” means intrinsic value and that the instruction to the appraisers erroneously defined fair cash value as market value to the prejudice of the plaintiffs herein, reverses the judgments of the courts below and remands -the case to the Court of Common Pleas for further proceedings not inconsistent with this opinion.
 

 Judgment reversed and cause remanded.
 

 •Turner, Hart and Bell, JJ., concur.
 

 Weygandt, C. J., Matthias and Zimmerman, JJ., dissent.